EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CARMACK, MICHAEL NEUBERGER, BAHRAM SALEHIAN, AND ANDREW SONG, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>- *against* -<br><br>AMAYA INC., DAVID BAAZOV, AND DANIEL SEBAG, DIVYESH GADHIA, AND HARLAN GOODSON,<br><br>Defendants. | Case No. 16-CV-01884-JHR-JS |

## ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

{00287962.3 }

EXHIBIT A

WHEREAS, Lead Plaintiffs James Carmack, Michael Neuberger, Bahram Salehian, and Andrew Song (collectively, "Plaintiffs"), and Defendants Amaya, Inc. ("Amaya" or the "Company"), David Baazov, Daniel Sebag, Divyesh Gadhia, and Harlan Goodson (collectively, "Defendants"), have entered into the Stipulation of Settlement, dated August 3, 2018 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Carmack, et al. v. Amaya Inc., et al.*, Case No. 16-cv-01884-JHR-JS (D.N.J.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this *12th* day of *September* 2018, that:

1.      Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of the Settlement Class consisting of all persons who purchased or otherwise acquired Amaya common stock on the NASDAQ between June 8, 2015 and March 22, 2016, both dates inclusive.  Excluded from the Settlement Class are (i) Defendants, all current and former directors and officers of Amaya, and any parent or subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities

referenced above; and (ii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.       This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.       The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Final Approval Hearing.

6.       The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil

Procedure 23(e), which is hereby scheduled to be held before the Court on December 4 2018 at 11:00 a.m. for the following purposes:

        (a)    to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

        (b)    to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

        (c)    to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice and to determine whether the Releases of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the Releases against any of the Released Parties, as also set forth in the Settlement Stipulation;

        (d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

        (e)    to consider Class Counsel's Fee and Expense Application and a Compensatory Award to the Class Representatives;

        (f)    to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice under Settlement Stipulation ¶¶ 4.3 and 4.4 that they intend to appear at the Final Approval Hearing; and

(g)   ⋅   to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves the right to adjourn the Final Approval Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.      The Court approves the form, substance and requirements of (a) the Notice (Exhibit B to the Settlement Stipulation), (b) the Publication  Notice (Exhibit C to the Settlement Stipulation) and (c) the Proof of Claim form (Exhibit D to the Settlement Stipulation).

9.      Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.    For settlement purposes only, JND Legal Administration is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.    Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim form, substantially in the forms annexed to the Settlement Stipulation as Exhibits B and D respectively, to be mailed, by first class mail, postage prepaid, within fourteen (14) Business Days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12.     Within fifteen (15) Business Days after (i) entry of this Order, and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), Defendants shall cause to be wired or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $250,000 (Two Hundred and Fifty Thousand Dollars) to be deposited by the Escrow Agent into the Notice Administration Fund.

13.     Within thirty (30) Business Days after entry of this Order, Defendants shall cause to be wired, or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $5,500,000 (Five Million Five Hundred Thousand Dollars) to be deposited by the Escrow Agent into the Settlement Fund.

14.     Within ten (10) days from the entry of this Order , Amaya, at its or its Insurers' expense, shall provide, and/or cause its transfer agent to provide, to Class Counsel a list of the record owners of Amaya securities during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet.  This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

15.     Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Amaya securities during the Settlement Class Period as record owners but not as beneficial owners.  Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either (i) request copies of the Notice and Proof of Claim form sufficient to send the Notice and Proof of Claim form to all beneficial owners for whom they are a nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial

owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim form to such beneficial owners (and the nominees may be reimbursed from the Settlement Fund for reasonable costs to provide the names and addresses to the Claims Administrator, not to exceed $0.10 per name). Nominees or custodians who elect to send the Notice and Proof of Claim form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim form shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to $0.70 per unit, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.     Class Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon Defendants' Counsel and file with the Court proof of the mailing of the Notice and Proof of Claim form as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim form to be posted on the Claims Administrator's website within twelve (12) Business Days after entry of this Order.

18.     Class Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically, substantially in the form of Exhibit C to the Settlement Stipulation, once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty one (21) Business Days of entry of this Order. Class Counsel shall, at least seven (7)

calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Publication Notice.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member shall be relieved from the terms and conditions of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than November 13 2018 (twenty-one (21) calendar days prior to the Final Approval Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to

have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim form; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the deficiency notice, serve upon the Claims Administrator a

8

notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing the Proof of Claim forms, nor shall any discovery from or of Defendants be allowed on any topic.

21.    All Settlement Class Members who do not submit valid and timely Proof of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

22.    Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than November 20 2018 (fourteen (14) calendar days prior to the Final Approval Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Carmack, et al. v. Amaya Inc., et al.*, Case

No. 16-cv-01884-JHR-JS (D.N.J.)", and (B) state (i) the date, number of shares and dollar amount of each Amaya Common Stock purchase or acquisition on the NASDAQ during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Amaya Common Stock held by the Person as of June 8, 2015 and March 22, 2016. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Amaya Common Stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Amaya Common Stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

23.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

24.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is postmarked no later than five (5) Business Days before the Final Approval Hearing and such Person also submits a valid Proof of Claim, in which event that Person will be included in the Settlement Class.

25.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least fourteen (14) calendar days prior to the Final Approval Hearing Date:

CLASS COUNSEL:

Laurence Rosen
THE ROSEN LAW FIRM, P.A.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079

COUNSEL FOR DEFENDANTS:

Michael P. O'Mullan
Kiran K. Nagulapalli
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
One Speedwell Avenue
Morristown, New Jersey 07962-1981

Bradley J. Bondi, Esq.
David R. Owen (pro hac vice)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005-1702

Jason H. Kislin, Esq.
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
P.O. BOX 677
Florham Park, NJ 07932-0677

Robert Horowitz, Esq.

EXHIBIT A

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166

Seth R. Goldman, Esq.
Scott Rader, Esq.
MINTZ LEVIN COHEN FERRIS GLOVSKY & POPEO PC
The Chrysler Center
666 Third Avenue
New York, NY 10017

A. Jeff Ifrah, Esq.
David Yellin, Esq.
IFRAH PLLC
1717 Pennsylvania Ave NW
Suite 650
Washington, DC 20006

and that Person has (at least fourteen (14) calendar days prior to the Final Approval Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of New Jersey, 4th & Cooper Streets, Camden, NJ 08101. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of Amaya securities during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not

12

necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

28. The Court reserves the right to adjourn the Final Approval Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

29. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing.

30.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

31.     Defendants, their counsel, their Insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation, any Fee and Expense Award or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32.     Pending final determination of whether the Settlement should be approved, all Released Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their Insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind

14

and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

35.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to February 14, 2018, pursuant to the terms of the Settlement Stipulation.

36.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the Releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

EXHIBIT A

Dated: 9-12 - . 2018

_____
HON. JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE

16

EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES CARMACK, MICHAEL
NEUBERGER, BAHRAM SALEHIAN,
AND ANDREW SONG, Individually and on
Behalf of all Others Similarly Situated,

Plaintiffs,

*- against -*

AMAYA INC., DAVID BAAZOV, AND
DANIEL SEBAG, DIVYESH GADHIA,
AND HARLAN GOODSON,

Defendants.

Case No. 16-CV-01884-
JHR-JS

## NOTICE OF PROPOSED SETTLEMENT OF CLASS
## ACTION, MOTION FOR ATTORNEYS' FEES AND
## EXPENSES, AND SETTLEMENT FINAL APPROVAL HEARING

If you purchased or otherwise acquired common stock of Amaya Inc. (now known as "the Stars Group Inc." and hereinafter referred to as "Amaya" or the "Company") between June 8, 2015 and March 22, 2016, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement") in the above-captioned litigation (the "Action").

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Final Approval Hearing on December 4, 2018 at 11:00am to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $5,750,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased Amaya common stock during the Settlement Class Period.

- The Settlement represents an average recovery of $0.33 per share of Amaya common stock for the approximately 17.5 million estimated shares that Lead Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per allegedly damaged share of Amaya common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased

and sold Amaya common stock, and the total number of claims filed. See the Plan of Allocation on page 11 below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim form by 11/13, 2018.

- Attorneys for Lead Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($1,916,666.67) plus interest and reimbursement of up to $150,000 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant a Compensatory Award to Lead Plaintiffs collectively not to exceed $10,000 (or $2,500 each). Collectively, the requested attorneys' fees and litigation expenses and Award to Lead Plaintiffs are estimated to average $0.12 per allegedly damaged share of Amaya common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average recovery, after the deductions set forth in the preceding paragraph, is $0.21 per allegedly damaged share of Amaya common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Amaya common stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Amaya, David Baazov, Daniel Sebag, Divyesh Gadhia, and Harlan Goodson (collectively "Defendants") violated federal securities laws. The Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") more specifically asserts claims (i) against Defendants Amaya, Baazov, and Sebag under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and Rule 10b-5 promulgated thereunder, (ii) against Defendants Baazov and Sebag under Section 20(a) of the Exchange Act; (iii) against all Defendants under Section 11 of the Securities Act of 1933 ("Securities Act"), and (iv) against the Individual Defendants under Section 15 of the Securities Act. The Complaint alleges that Baazov engaged in insider trading in connection with several of Amaya's acquisitions in violation of Canadian securities laws and Amaya's own policies prohibiting insider trading. The Complaint further alleges that Defendants Baazov and Amaya made material false and misleading statements in press releases and SEC filings denying that Baazov engaged in any violations of the securities laws, and that Defendants Baazov and Sebag falsely represented that they had disclosed all fraud involving management to the Board of Directors. The Complaint alleges the truth was revealed when, on March 23, 2016, the Autorité des marchés financiers ("AMF"), the securities regulatory authority in the Province of Quebec, announced it filed five charges against Baazov alleging violations of Canadian securities laws in connection with trading in advance of Amaya's announcement of its plan to acquire The Oldford Group (then owner of Poker Stars), which the Complaint asserts led Amaya's shares to decline $3.07 per share, or approximately 21.5% from its previous closing price, to close at $11.18 per share on March 23, 2016 on the NASDAQ. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing,

fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The parties disagree on the amount of damages that could be awarded if the investors won at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked by ____, 201_ |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be postmarked by ____, 201_ |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees. costs. and expenses. You will still be a member of the Class. Objections must be postmarked by counsel by ____, 201_ |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be postmarked by ____, 201_ |
| **DO NOTHING** | Get no payment. Give up your rights. |

### INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| Amaya Inc. Securities Litigation c/o JND Legal Administration P.O. Box 91346 Seattle, WA 98111 | or | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue, Floor 20 New York, New York 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 Email: jalieberman@pomlaw.com |
|---|---|---|

### DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated August 3, 2018 (the "Settlement Stipulation").

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired common stock of Amaya Inc. ("Amaya" or the "Company") between June 8, 2015 and March 22, 2016, both dates inclusive (the "Class Period").

| 2. | What is this lawsuit about? |
|---|---|

This case is known as *Carmack, et al. v. Amaya Inc., et al.*, Case No. 16-cv-01884-JHR-JS (D.N.J.) (the "Action"). The Court in charge of the case is the United States District Court for the District of New Jersey. The Complaint for the Action more specifically asserts claims (i) against Defendants Amaya, Baazov, and Sebag under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and Rule 10b-5 promulgated thereunder, (ii) against Defendants Baazov and Sebag under Section 20(a) of the Exchange Act; (iii) against all Defendants under Section 11 of the Securities Act of 1933 ("Securities Act"), and (iv) against the Individual Defendants under Section 15 of the Securities Act. The Complaint alleges that Baazov engaged in insider trading in connection with several of Amaya's acquisitions in violation of Canadian securities laws and Amaya's own policies prohibiting insider trading. The Complaint further alleges that Defendants Baazov and Amaya made material false and misleading statements in press releases and SEC filings denying that Baazov engaged in any violations of the securities laws, and that Defendants Baazov and Sebag falsely represented that they had disclosed all fraud involving management to the Board of Directors. The Complaint alleges the truth was revealed when, on March 23, 2016, the Autorité des marchés financiers ("AMF"), the securities regulatory authority in the Province of Quebec, announced it filed five charges against Baazov alleging violations of Canadian securities laws in connection with trading in advance of Amaya's announcement of its plan to acquire The Oldford Group (then owner of Poker Stars), which the Complaint asserts led Amaya's shares to decline $3.07 per share, or approximately 21.5% from its previous closing price, to close at $11.18 per share on March 23, 2016 on the NASDAQ. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

EXHIBIT B

| 4. | Why is there a settlement? |
|----|----------------------------|

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which Lead Plaintiffs and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants had a duty to disclose the allegedly omitted information; (3) whether the Defendants acted with scienter; (4) whether the alleged disclosures were corrective disclosures; (5) the causes of the loss in the value of the common stock; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiffs were to win at trial, and also prevail on any on appeal, Lead Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|----|-----------------------------------------------|

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired Amaya common stock on NASDAQ between June 8, 2015 and March 22, 2016, both dates inclusive (the "Settlement Class Period").[1]

If one of your mutual funds owns Amaya common stock, that alone does not make you a Settlement Class Member. Also, if you sold Amaya common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Amaya common stock during the Settlement Class Period. Contact your broker to see if you have made any of these transactions.

---

[1] During the Class Period, Amaya common stock was listed on the Toronto Stock Exchange ("TSX") and the Nasdaq Global Select Market each under the ticker "AYA." After the Class Period, effective August 1, 2017, the Company changed its name to "The Stars Group Inc." and its shares began trading under the ticker symbol "TSGI" on the TSX and under the ticker symbol "TSG" on the Nasdaq Global Select Market. Shares of Amaya common stock purchased on the TSX are not included in the Settlement.

EXHIBIT B

| 6. | Are there exceptions to being included? |
|---|---|

Yes. Excluded from the Settlement Class are (i) Defendants, all current and former directors and officers of Amaya during the Settlement Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above and (ii) Opt-Outs *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-833-288-5307 or at Info@AmayaSecuritiesLitigation.com or by visiting the website at www.AmayaSecuritiesLitigation.com, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides for Defendants' insurers to pay $5,750,000 into a settlement fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and a Compensatory Award to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many shares of Amaya common stock you purchased or sold during the Settlement Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Amaya common stock represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation at page 11 of this Notice.

{00287958.2 }   6

EXHIBIT B

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must submit a Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at www.AmayaSecuritiesLitigation.com. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail it so that it is postmarked or received no later than _11/13_, 2018. The claim form may be mailed to:

Amaya Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a Settlement Final Approval Hearing on _12/4_, 2018 at _11am_ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|-----|--------------------------------------------------------------|

Unless you exclude yourself from the Settlement Class by the _11/20_, 2018 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all Released Plaintiff's Claims as against Defendants' Releasees, which include any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Amaya common stock during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Amaya common stock during the Class Period. The specific terms of the release are included in the Settlement Stipulation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims

being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement.

| 13. | How do I get out of the proposed Settlement? |

To exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in *Carmack, et al. v. Amaya Inc., et al.*, Case No. 16-cv-01884-JHR-JS (D.N.J.)". To be valid, the letter must state (A) your name, address, telephone number, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Amaya common stock during the Settlement Class Period; and (C) the number of shares of Amaya common stock held by you as of March 22, 2016. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **postmarked no later than 11/20, 2018** at:

Amaya Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | If I do not exclude myself, can I sue the Defendants or the other Released Parties for the same thing later? |

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **11/20, 2018**.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |

The Court has appointed The Rosen Law Firm P.A. as Lead Counsel to the Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm P.A. is provided below.

| 17. | How will the lawyers be paid? |

Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees

or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Settlement Final Approval Hearing asking the Court for an award of attorneys' fees in an amount not greater than one-third of the Settlement Fund, equaling $1,916,666.67 plus interest, plus reimbursement of litigation expenses of no more than $150,000 and a Compensatory Award to Lead Plaintiffs collectively not to exceed $10,000 (or $2,500 each). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I object to the proposed Settlement? |
|-----|-------------------------------------------------------------------|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *Carmack, et al. v. Amaya Inc., et al.*, Case No. 16-cv-01884-JHR-JS (D.N.J.). Be sure to include (1) your name, address, telephone number, and your signature; (2) the date(s), price(s), and amount(s) of all Amaya common stock that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Final Approval Hearing must indicate in their written objection that they intend to appear at the Settlement Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Final Approval Hearing.

EXHIBIT B

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **postmarked no later than** 11 20, 2018:

| Clerk of the Court | Lead Counsel | Counsel For Amaya |
|---|---|---|
| United States District Court | Laurence Rosen | Robert Horowitz |
| District of New Jersey | THE ROSEN LAW FIRM, P.A. | GREENBERG TRAURIG LLP |
| 4th & Cooper Streets | 609 W. South Orange Avenue, | 200 Park Avenue |
| Camden, NJ 08101 | Suite 2P | New York, NY 10166 |
| | South Orange, NJ 07079 | |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Final Approval Hearing on 12 4, 2018 at 11 am at the United States District Court, 4th & Cooper Streets, Courtroom 5D, Camden, NJ, 08101.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and a Compensatory Award to Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Final Approval Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| **21.** | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

EXHIBIT B

| 22. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Final Approval Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *Carmack, et al. v. Amaya Inc., et al.*, Case No. 16-cv-01884-JHR-JS (D.N.J.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Final Approval Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Final Approval Hearing. You cannot speak at the Settlement Final Approval Hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated August 3, 2018 (the "Settlement Stipulation"). The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting https://www..AmayaSecuritiesLitigation.com or by contacting the Claims Administrator toll-free at 1-833-288-5307.

| 25. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Action, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website www.AmayaSecuritiesLitigation.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

The Plan of Allocation was created with the assistance of a consulting a damages expert, and reflects the assumption that the price of Amaya common stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of Amaya common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Amaya common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Amaya common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiffs and Lead Counsel have determined that such a price decline occurred on March 23, 2016 (the "Corrective Disclosure Date"). Accordingly, if a share of Amaya common stock was sold before March 23, 2016, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 Artificial Inflation in Amaya Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| June 8, 2015 | March 22, 2016 | $2.88 |
| March 23, 2016 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Amaya common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Amaya common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Amaya common stock during the 90-Day Lookback Period. The Recognized Loss on Amaya common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Amaya common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in Amaya stock executed outside

of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Amaya Common Stock**

For each share of Amaya common stock purchased or otherwise acquired during the Class Period (i.e., June 8, 2015 through March 22, 2016, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of Amaya common stock purchased during the Class Period that was sold prior to March 23, 2016, the Recognized Loss per share is $0.

    ii.    For each share of Amaya common stock purchased during the Class Period that was subsequently sold during the period March 23, 2016 through June 20, 2016, both dates inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        a.    $2.88; or

        b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iii.    For each share of Amaya common stock purchased during the Class Period and still held as of the close of trading on June 20, 2016, the Recognized Loss per share is *the lesser of*:

        a.    $2.88; or

        b.    the purchase price *minus* the average closing price of Amaya common stock during the 90-Day Lookback Period, which is $13.50.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/23/2016 | $11.18 | 4/22/2016 | $12.64 | 5/23/2016 | $12.87 |
| 3/24/2016 | $11.45 | 4/25/2016 | $12.67 | 5/24/2016 | $12.90 |
| 3/28/2016 | $11.37 | 4/26/2016 | $12.71 | 5/25/2016 | $12.93 |
| 3/29/2016 | $11.73 | 4/27/2016 | $12.73 | 5/26/2016 | $12.96 |
| 3/30/2016 | $12.06 | 4/28/2016 | $12.76 | 5/27/2016 | $12.99 |
| 3/31/2016 | $12.28 | 4/29/2016 | $12.79 | 5/31/2016 | $13.03 |
| 4/1/2016 | $12.49 | 5/2/2016 | $12.81 | 6/1/2016 | $13.07 |
| 4/4/2016 | $12.54 | 5/3/2016 | $12.80 | 6/2/2016 | $13.11 |
| 4/5/2016 | $12.59 | 5/4/2016 | $12.79 | 6/3/2016 | $13.15 |
| 4/6/2016 | $12.63 | 5/5/2016 | $12.78 | 6/6/2016 | $13.18 |

EXHIBIT B

| | | | | | |
|---|---|---|---|---|---|
| 4/7/2016 | $12.62 | 5/6/2016 | $12.76 | 6/7/2016 | $13.23 |
| 4/8/2016 | $12.60 | 5/9/2016 | $12.74 | 6/8/2016 | $13.27 |
| 4/11/2016 | $12.57 | 5/10/2016 | $12.73 | 6/9/2016 | $13.30 |
| 4/12/2016 | $12.56 | 5/11/2016 | $12.72 | 6/10/2016 | $13.33 |
| 4/13/2016 | $12.56 | 5/12/2016 | $12.71 | 6/13/2016 | $13.36 |
| 4/14/2016 | $12.58 | 5/13/2016 | $12.70 | 6/14/2016 | $13.38 |
| 4/15/2016 | $12.57 | 5/16/2016 | $12.71 | 6/15/2016 | $13.41 |
| 4/18/2016 | $12.58 | 5/17/2016 | $12.75 | 6/16/2016 | $13.44 |
| 4/19/2016 | $12.59 | 5/18/2016 | $12.78 | 6/17/2016 | $13.47 |
| 4/20/2016 | $12.60 | 5/19/2016 | $12.80 | 6/20/2016 | $13.50 |
| 4/21/2016 | $12.61 | 5/20/2016 | $12.83 | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible common stock that participate in the Settlement, and when those common stock were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Amaya common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Amaya common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Amaya common stock were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Amaya common stock during the Class Period in exchange for common stock of any other corporation or entity shall not be deemed a purchase or sale of Amaya common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Amaya common stock held as of the close of trading on June 5, 2015 (the last day before the Class Period begins) and then against the purchases of Amaya common stock during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Amaya common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Amaya common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price

of the stock shall be the closing price of Amaya common stock on the date of exercise. Any Recognized Loss arising from purchases of Amaya common stock acquired during the Class Period through the exercise of an option on Amaya common stock[2] shall be computed as provided for other purchases of Amaya common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Plaintiffs' Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a

---

[2] Including (1) purchases of Amaya common stock as the result of the exercise of a call option, and (2) purchases of Amaya common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

EXHIBIT B

non-sectarian, not-for-profit organization identified by Plaintiffs' Counsel and approved by the Court.

DATED: _September 12, 2018_

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

EXHIBIT C

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CARMACK, MICHAEL NEUBERGER, BAHRAM SALEHIAN, AND ANDREW SONG, Individually and on Behalf of all Others Similarly Situated, | |
| Plaintiffs, | Case No. 16-CV-01884-JHR-JS |
| *- against -* | |
| AMAYA INC., DAVID BAAZOV, AND DANIEL SEBAG, DIVYESH GADHIA, AND HARLAN GOODSON, | |
| Defendants. | |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING

**To:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AMAYA SECURITIES BETWEEN JUNE 8, 2015 AND MARCH 22, 2016, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for District of New Jersey that a hearing will be held on Dec. 4 , 2018 at 11 :00 am. before the Honorable Joseph H. Rodriguez, United States District Judge of the District of New Jersey, 4th & Cooper Streets, Courtroom 5D, Camden, NJ 08101, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $5,750,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount ($1,916,666.67) plus interest,

EXHIBIT C

reimbursement of expenses of not more than $150,000, and a Compensatory Award to Lead Plaintiffs of no more than $10,000 collectively (or $2,500 each) should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated August 3, 2018 (the "Settlement Stipulation").

If you purchased Amaya Inc. (now known as "the Stars Group Inc." and hereinafter referred to as "Amaya") securities between June 8, 2015 and March 22, 2016, both dates inclusive (the "Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Amaya securities. If you have not received a detailed Notice Of Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Settlement Final Approval Hearing ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by visiting www.AmayaSecuritiesLitigation.com or by contacting the Claims Administrator toll-free at 1-833-288-5307 or at Info@AmayaSecuritiesLitigation.com. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form to the Claims Administrator at the address listed in the detailed Notice and postmarked no later than _NOV. 13_, 2018, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is postmarked no later than _NOV. 20_, 2018, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

EXHIBIT C

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiffs must be in the manner and form explained in the detailed Notice and postmarked no later than NOV. 20 , 2018, to each of the following:

| Clerk of the Court | Lead Counsel | Counsel For Amaya |
|---|---|---|
| United States District Court District of New Jersey 4th & Cooper Streets Camden, NJ 08101 | Laurence Rosen THE ROSEN LAW FIRM, P.A. 609 W. South Orange Avenue, Suite 2P South Orange, NJ 07079 | Robert Horowitz GREENBERG TRAURIG LLP 200 Park Avenue New York, NY 10166 |

If you have any questions about the Settlement, you may visit www.AmayaSecuritiesLitigation.com or write to Lead Counsel at the above address. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: Sept 12 , 2019

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

EXHIBIT D

## PROOF OF CLAIM AND RELEASE FORM

Deadline for Submission: NOV. 13, 2018

IF YOU PURCHASED AMAYA INC. ("AMAYA") SECURITIES DURING THE PERIOD BETWEEN JUNE 8, 2015 AND MARCH 22, 2016, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: (I) DEFENDANTS, ALL CURRENT AND FORMER DIRECTORS AND OFFICERS OF AMAYA, AND ANY PARENT OR SUBSIDIARY THEREOF, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY TRUST, COMPANY, ENTITY OR AFFILIATE CONTROLLED OR OWNED BY ANY OF THE EXCLUDED PERSONS AND ENTITIES REFERENCED ABOVE, AND (II) OPT-OUTS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN 11 13 , 2018, TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Amaya Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
Tel.: 833-288-5307
Info@AmayaSecuritiesLitigation.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY 11 13 , 2018 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

{00288005;3 }                              -1-

EXHIBIT D

## CLAIMANT'S STATEMENT

1. I (we) purchased Amaya Inc. (now known as "The Stars Group Inc." and hereinafter referred to as "Amaya") securities during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Amaya securities during the Settlement Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Final Approval Hearing (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Amaya securities during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Amaya securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released

Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement dated August 3, 2018 (the "Settlement Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator **at 833-288-5307, ASLSecurities@JNDLA.com** or visit their website at www.AmayaSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

EXHIBIT D

## I. CLAIMANT INFORMATION

| Name: | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN AMAYA INC. SECURITIES

**Beginning Holdings:**

A.  State the total number of shares of Amaya common stock held at the opening of trading on June 8, 2015 *(must be documented)*.  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Amaya common stock between June 8, 2015 and June 20, 2016, both dates inclusive, and provide the following information *(must be documented):*

*PLEASE NOTE: Information requested with respect to your purchases of Amaya securities from after the opening of trading on March 23, 2016 through and including the close of trading on June 20, 2016 is needed in order to balance your claim; purchases of Amaya securities during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.*

EXHIBIT D

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C. Separately list each and every sale of Amaya common stock between June 8, 2015 and June 20, 2016, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.   State the total number of shares of Amaya common stock held at the close of trading on June 20, 2016 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.   The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

EXHIBIT D

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation of Settlement dated August 3, 2018 which is described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Amaya Inc. securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

EXHIBIT D

THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN ___11/13___, 2018 AND MUST BE MAILED TO:

Amaya Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle. WA 98111
Tel.: 833-288-5307
Info@AmayaSecuritiesLitigation.com

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by ___11/13___, 2018 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at **833-288-5307** or by email at Info@AmayaSecuritiesLitigation.com.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o  Please be sure to sign this Proof of Claim and Release Form on page 6. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o  Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o  If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.