# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CARMACK, MICHAEL NEUBERGER, BAHRAM SALEHIAN, AND ANDREW SONG, Individually and on Behalf of all Others Similarly Situated,<br><br>                            Plaintiffs,<br><br>*- against -*<br><br>AMAYA INC., DAVID BAAZOV, AND DANIEL SEBAG, DIVYESH GADHIA, AND HARLAN GOODSON,<br><br>                            Defendants. | Case No. 16-CV-01884-JHR-JS<br><br><br>Hearing Date: December 4, 2018 |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS:**

(A)    This Action was first filed on April 5, 2016 in the District of New Jersey. By order dated June 27, 2016, the Court appointed James Carmack, Michael Neuberger, Bahram Salehian, and Andrew Song as Lead Plaintiffs, and The Rosen Law Firm, P.A. as Lead Counsel. Doc. No. 17.   An Amended Complaint was filed August 31, 2016 asserting securities law claims under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange

Commission (17 C.F.R. § 240.10b-5) against Defendants on behalf of Amaya investors during the Class Period. Doc. No. 36.

(B)    Defendants moved to dismiss the Amended Complaint.  On June 15, 2017, the Court granted in part and denied in part Defendants' motions to dismiss. Doc. No. 69.  Defendants moved for reconsideration of the MTD Order on June 23, 2017, which the Court denied on February 26, 2018. Doc. No. 121.

(C)    On October 31, 2017, the parties voluntarily participated in a full day mediation session presided over by nationally recognized mediator, Hunter R. Hughes, Esq.   That mediation was unsuccessful and the parties continued in discovery.  Following that in-person mediation session, the parties continued their negotiations with the assistance of Mr. Hughes, and conducted direct negotiations in another face-to face meeting on February 21, 2018, and ultimately accepted Mr. Hughes' mediator proposal, which resulted in an agreement to resolve the Action for a cash payment of $5,750,000 for the benefit of the Settlement Class. The agreement to settle these claims is reflected in the Stipulation of Settlement dated August 3, 2018 (the "Stipulation")(Doc. No. 141).

(D)    This Court issued an order preliminarily approving the settlement on September 13, 2018 (Doc. No. 144) ("Preliminary Approval Order").

(E)     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certified this Action as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased Amaya securities between June 8, 2015 and March 22, 2016 (both dates inclusive) and who were damaged thereby. Excluded from the Class are Defendants, all current and former directors and officers of Amaya during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

(F)     Pursuant to the Preliminary Approval Order, this Court scheduled a Settlement Hearing for December 4, 2018, at 11 a.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and requests for Lead Counsel's fees and expenses, and Lead Plaintiffs' Compensatory Awards were fair, reasonable, and adequate, and should be approved by the Court (the "Final Approval Hearing").

(G)     The Court has received declarations attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.

(H)     Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on December 4, 2018, and the Court having considered all papers filed and

proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3.      This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

(a)      Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)      Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement

Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

(c)   Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)   Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

4.   The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class taking into account, *inter alia*, the benefits to the Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation. The Settlement set forth in the Stipulation is hereby finally approved in all

respects, in accordance with the terms and provisions therein, and the Lead Plaintiffs and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

6.      The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate.    Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

7.      Upon the Effective Date, Lead Plaintiffs and Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, or anyone claiming through or on behalf of any of them, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Released Plaintiffs' Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Plaintiffs' Claims.

8.      Upon the Effective Date, Released Defendants, on behalf of themselves and their heirs, executors, administrators, insurers, reinsurers, and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Released

Defendants Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Defendants' Claims.

9.    The Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission or concession on the part of any Defendant, or any of Defendants' Released Parties, with respect to any claim of any fact alleged by Lead Plaintiffs or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or any deficiency or any defense that has been or could have been asserted by the Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceeding.

10.    Whether or not the Effective Date occurs or the Stipulation is terminated, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)    may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs'

- 7 -

Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and their Released Parties, or any of them;

(b)     may be deemed, or shall be used, offered or received against Lead Plaintiffs, the Class, Lead Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action.

11.     Any party or any of the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     To the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), the Court hereby bars all Barred Claims against the Defendants'

Released Parties.   "Barred Claims" means (i) claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is the actual or threatened liability of any Person, his insurers, subrogees or assigns, or anyone acting on behalf of any Person, his insurers, subrogees or assigns to Lead Plaintiffs and/or Class Members arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action.

13.   Upon payment of the Settlement Amount to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

14.   No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.   No person shall have any claim under any circumstances against the

Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    This Court finds that during the course of this Action, all Parties, Lead Counsel and counsel to the Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17.    Lead Counsel are awarded attorneys' fees in the amount of $1,916,666.67 and reimbursement of expenses, including experts' fees and expenses, in the amount of $ 113,219.60 , such amounts to be paid from the Settlement Fund. Lead Plaintiffs James Carmack, Michael Neuberger, Bahram Salehian, and Andrew Song are each awarded the sum of $ 2500.00 , as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

18.    Without affecting the finality of this Judgment in any way, this Court

hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

19.    This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

20.    The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of New Jersey on _December 21_, 2018.

THE HON. JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE